PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:16-MC-00192-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $7,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 7, 2016, agents with the United States Postal Inspection Service ("USPIS") seized approximately $7,000.00 in U.S. Currency ("the defendant currency") from Ellena Jackson ("Jackson") and Mike Pool ("Pool") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 22, 2016, USPIS received a claim from Jackson and Pool asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on July 7, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials

1

identified a parcel that bore markers consistent with parcels used for shipping contraband. The package was addressed to Ellena Jackson, 8126 Pond Brook Way, Elk Grove, California, 95758, with the following return address: Mike Pool, 2773 42 Street, Sacramento, California.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Jackson, who confirmed she was expecting a parcel from Atlanta, Georgia. When law enforcement officials asked Jackson if she knew what was in the parcel, she replied in an agitated tone, "Who is this?" and hung up the phone. Jackson called the law enforcement officials back a few minutes later and gave consent to the law enforcement officials to open the package. The package contained $7,000 in cash inside a clear vacuum sealed bag that was wrapped in two carbon paper invoices.

5. The United States represents that it could further show at a forfeiture trial that Jackson told law enforcement officials that her boyfriend, Pool, had mailed her money for her birthday to purchase a vehicle. Jackson did not have any details about her vehicle purchase other than it was an older Chevrolet. Again, Jackson became agitated and hung up on the law enforcement officials. A few minutes later, Jackson called back and told the law enforcement officials that Pool was on the phone with her. Pool asked if there was a problem with the parcel and law enforcement officials told him a drug detection dog alerted to the parcel. Pool told the officials the cash was to purchase a "73 Chevy" and the reason he sent her cash was his bank would not let him deposit cash into Jackson's account. Law enforcement officials asked Pool why he packaged the currency inside a vacuum sealed bag and he explained that he did not want the money to shift around and possibly tear the package open.

6. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimants Jackson and Pool specifically denying the same, and for the purpose of reaching an amicable

resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Ellena Jackson and Mike Pool hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $4,200.00 of the Approximately $7,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,800.00 of the Approximately $7,000.00 in U.S. Currency shall be returned to claimants Ellena Jackson and Mike Pool through their attorney Justin L. Ward.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Jackson and Pool waive the

3
Consent Judgment of Forfeiture

provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: August 28, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE